UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. _____

| |
|---|
| MASSACHUSETTS NURSES ASSOCIATION<br><br>　　Plaintiff<br>v.<br><br>TUFTS NEW ENGLAND MEDICAL CENTER<br><br>　　Defendant |

**COMPLAINT FOR INJUNCTIVE RELIEF
PENDING ARBITRATION**

**I.    Introduction and Statement of Jurisdiction**

1.    This is an action for interim injunctive relief in aid of an already-initiated arbitration proceeding under a contract between the plaintiff and the defendant. Without the requested injunctive relief, the arbitrator will be unable to order an effective remedy if he or she ultimately finds for the plaintiff, and the arbitration process will be defeated.

2.    This court has jurisdiction over this matter pursuant to 29 U.S.C § 185 et seq. (§ 301 of the Labor Management Relations Act).

## II. Parties

3. Plaintiff Massachusetts Nurses Association ("MNA") is a labor organization representing health care professionals, including employees of the Defendant, for the purposes of collective bargaining. Sullivan Aff. at ¶2. MNA has a principal place of business at 340 Turnpike Road, Canton, Massachusetts. Id. at ¶1.

4. Defendant Tufts New England Medical Center ("Tufts" or "the Medical Center") is a nonprofit corporation with a principal place of business at 800 Washington Street, Boston, Massachusetts.

## III. Facts

5. MNA is the collective bargaining representative for a bargaining unit of some 1,100 registered nurses ("RNs") employed by Tufts. Among the RN positions in the bargaining unit is "Clinical Educator." Id. at ¶2.

6. MNA and Tufts are party to a collective bargaining agreement ("CBA") effective by its own terms from January 1, 2010 to November 30, 2012. The CBA contains a grievance and arbitration clause at Article XV.

7. In January 2012, MNA became aware of Tufts' plan to eliminate the Clinical Educator bargaining unit position and

|     |     |
| --- | --- |
|     | transfer the work done by Clinical Educators to a new, non-bargaining unit position of Professional Development Manager ("PDM"). Id. at ¶4. On February 1, 2012, MNA filed a timely grievance challenging this proposed unilateral change. Id. at ¶5. |
| 8.  | On April 25, 2012, MNA and Tufts held for a step 2 grievance meeting. At this meeting, Tufts agreed that it would not make the proposed change until the parties received an arbitration award determining that Tufts has the right under the CBA to make the change. Id. at ¶6. |
| 9.  | This grievance is currently scheduled for hearing on November 28, 2012 under the auspices of the American Arbitration Association. Id. |
| 10. | In or around May 2012, Tufts posted a job opening for a PDM position. Id. at ¶7. MNA filed a second grievance under the CBA challenging this unilateral transfer of bargaining unit work. Id. at ¶8. |
| 11. | By letter dated June 28, 2012, Tufts denied to MNA that it had agreed to wait until the grievance was decided before moving ahead with its proposed unilateral changes. Id. at ¶12. |
| 12. | On or about July 26, 2012, MNA filed an unfair labor practice charge with Region One of the National Labor |

    Relations Board ("NLRB") alleging that Tufts' proposed unilateral elimination of the Clinical Educator position, and transfer of their work outside of the bargaining unit, violated Sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act.  Id. at ¶13.

13.    On September 18, 2012, under the NLRB's deferral policy, Region One of the NLRB deferred further proceedings on MNA's unfair labor practice charge to the parties' grievance and arbitration process.  Id. at ¶15.  As of that date, Tufts had maintained the status quo with respect to the Clinical Educator position, and had not filled any PDM positions.  Id. at ¶16.

14.    On or about October 4, 2012, Tufts informed MNA that it intends to permanently eliminate the bargaining unit position of Clinical Educator RN and to create new non-bargaining unit Professional Development Manager ("PDM") positions in October 2012.  Tufts intends to transfer the work currently performed by Clinical Educators to the new PDM positions.  Id. at ¶17.

15.    Tufts has stated that current Clinical Educators may apply for one of the newly created PDM positions, exercise their rights under Article XIII of the CBA to bump into another nursing position, or accept a severance package that Tufts

               intends to offer. Id. Tufts is requiring nurses to inform it of their decision by October 17, 2012. Tufts has stated that it will inform those nurses who have been hired to fill a PDM position by October 26, 2012. Id. at ¶19.

16. Under the CBA, an RN who exercises the right to "bump" may displace another currently employed nurse from his or her current position. An RN who is "bumped" may be subject to layoff or transfer within the Medical Center. Id. at ¶18.

17. Because many Clinical Educators are not assigned to a particular unit in the Medical Center, they may not be able to exercise bumping rights at all. Id.

18. As a result of the unilateral changes announced by Tufts, some members of the MNA bargaining unit will be laid off from their positions, and others will be forced to obtain alternate employment. Id. at ¶17, 19.

19. Because of the displacement inherent in the bumping process, it will be exceedingly difficult for the arbitrator(s) to fashion an adequate remedy when the grievances are sustained.

## COUNT I

20. Paragraphs 1-19 are re-stated and re-alleged as if set forth here in full.

21. MNA has a bona fide dispute with Tufts as to whether the latter violated Articles 2.1, 13.11 and 16.1 of the CBA, and any other applicable provision, by eliminating the Clinical Educator position and unilaterally transferring bargaining unit work out of the bargaining unit.

22. MNA is likely to prevail in its grievance, as the principles involved in unilateral transfer of bargaining unit work are well established.

23. MNA and the RNs it represents will suffer irreparable harm if Tufts proceeds with its plan because the disruption and displacement inherent in the bumping process is very difficult to reverse or meaningfully remedy.

24. Tufts will suffer no irreparable harm if it is required to continue to forbear from making good on its threat of unilateral action. The Clinical Educators can continue to do the necessary work until the rights of the parties are established.

WHEREFORE, MNA respectfully requests that this Court grant the following relief to maintain the status quo:

1. A Temporary Restraining Order prohibiting the Defendant from taking further steps to implement its plan to eliminate the Clinical Educator position; to transfer the bargaining unit work performed by Clinical Educators to non-bargaining unit positions; and/or to post and/or fill

any Professional Development Manager positions, until further order of this Court following the completion of the arbitration process;

2. A Preliminary Injunction prohibiting the Defendant from taking further steps to implement its plan to eliminate the Clinical Educator position; to transfer the bargaining unit work performed by Clinical Educators to non-bargaining unit positions; and/or to post and/or fill any Professional Development Manager positions, until further order of this Court following the completion of the arbitration process;

3. Such other relief as may be necessary to do justice.

Respectfully Submitted,

For the Massachusetts Nurses Association
By its attorneys,

/s/ Olinda R. Marshall, Esq.
Olinda R. Marshall, BBO #659098
Mark A. Hickernell, BBO #638005
McDonald, Lamond, Canzoneri & Hickernell
Cordaville Office Center
153 Cordaville Road, Suite 320
Southborough, MA 01772-1834
Phone: (508) 485-6600
Fax: (508) 4854477
omarshall@masslaborlawyers.com
mhickernell@masslaborlawyers.com

Dated: October 11, 2012